11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Trinity
Joe Campbell

Appellant

Vs.                   No. 
11-03-00068-CR C
Appeal from Nolan County

State
of Texas

Appellee

 

The jury convicted Trinity Joe Campbell of
aggravated sexual assault and assessed his punishment at 60 years confinement.[1]  We affirm.

There is no challenge to the sufficiency of the evidence.  A.R., the five-year-old victim, testified at
trial that she went to the public library with her mother.  While at the library, A.R. went to the
restroom by herself.  A.R. testified
that, when she came out of the stall, someone else was in the restroom.  A.R. stated that appellant took her back into
the stall and touched her Apee
pee@
with his finger.  A.R. testified that
appellant then put her on the sink and touched her Apee
pee@
with his Apee pee.@    A.R.=s
mother testified that, when A.R. returned from the restroom, A.R. was crying
and said that a man had touched her. 
A.R.=s mother
reported the incident to the librarian. 
A.R. was able to identify appellant, and the librarian called the
police. 

In his first issue on appeal, appellant argues
that the trial court erred in its response to a question from the jury.  In his second issue on appeal, appellant
complains that he was harmed by the trial court=s
response to the jury=s
question.  During its deliberations, the
jury sent out a note requesting  the part
of A.R.=s
testimony Athat says
in what order she was taken to the stall B
either put on the vanity first or went into the stall first.@ 
The court reporter read the following testimony to the jury in response
to its question:

Question:
When you first came out of the stall, while you were still in the restroom,
when you first came out and you saw him, what happened?








Answer:
He put his pee pee in my pee pee.

 

Question:
Did he say anything to you?

 

Answer:
He said it was okay.

 

Question:
After he told you that it was okay, what was the very next thing that happened?
Did he touch you?

 

Answer:
He put his finger in my pee pee.

 

Question:
Where were you when he put his finger in your pee pee?

 

Answer:
In the bathroom.

 

Question:
In the bathroom?  Were you in the stall
in the bathroom or were you outside the stall that is still in the bathroom?

 

Answer:
I was still in the bathroom but he put me in there.

 

Question:
In the stall?

 

Answer:
Uh-huh.

 

Question:
Okay.  After you were in the stall and he
was in there with you, what happened after that?

 

Answer:
I ran out and I went to my mom and cried.

 

Question:
Okay.   Did he ever, while you were in
the bathroom, did he touch you?

 

Answer:
Yes.

 

Question:
Did he pick you up?

 

Answer:
Yes.

 

Question:
What did he do after he picked you up?

 

Answer:
He put his pee pee in my pee pee.

 

Question:
Where were you whenever he did that?

 








Answer: I was fixing to go out.

 

Question: Were you still in the stall or were you out by the sink
or where were you?

 

Answer: I was fixing to go out the door.

 

Question: Okay.  When you
said that he picked you up, what did he do after he picked you up?  Where did he put you?

 

Answer: On the sink.

 

Appellant requested that portions of A.R.=s
cross-examination also be read to the jury. 
In his bill of exception, appellant requested that the following
testimony during the cross-examination of A.R. also be included in the trial
court=s
response to the jury=s
question:

Question: Okay.  When you
came out of the stall, is that when you first realized that there was a boy in
the girl=s
bathroom?

 

Answer: Yes.

 

Question: Did that kind of scare you?

 

Answer: Yes

 

Question: Okay.  Now, when
you first came out of that stall, were you B
you said that you had some white shorts on. 
Did I hear that right?

 

Answer: Black

 

Question: Black shorts.  I=m sorry.  I got it just opposite.  I=m
sorry.  So you had some black shorts on,
and I guess you had some panties on or underwear?

 

Answer: Panties.

 

Question: Had you had some trouble getting your pants and panties
pulled up?

 

Answer: No.

 

Question: Were they twisted around your B
kind of twisted around?

 

Answer: No.

 








Question: Okay.  When you
saw B I don=t remember things too good so I have to
write them down so I don=t
forget.  When you saw that man in the
bathroom, that scared you; right?

 

Answer: Yes.

 

Question: Did you start crying right then?

 

Answer: Yes.

 

Question: Okay.  Now, is
this about the time that the boy told you that everything would be okay?

 

Answer: Yeah.

 

Question: Did he say, AIt=s going to be all right,@ or AEverything
will be okay?@

 

Answer: Yes.

 

Question: Now, you said that the man set you up on the sink?

 

Answer: Yes.

 

Question: Okay.  And that=s when he touched you with his finger?

 

Answer: Yes.

 

Question: Okay.  Can you
tell me how that happened?  I know that
is kind of a private and personal question. 
I=m sorry,
but I have to ask it.  Can you tell me
kind of how that happened?

 

Answer: I don=t
know how it happened.

 

Question: Well, now, you were upset; right?

 

Answer: Yes.

 

Question: I mean you were kind of scared or upset; right?

 

Answer: Yes.

 

Question: He picked you up and said, AIt
is going to be okay,@
or AAll right@
or something like that; is that right?








 

Answer: Yes.  

 

Question: And then, am I right, that is when you think or you
believe that his finger touched your privates?

 

Answer: Yes.

 

Question: Okay.  Did his
finger touch you when you were sitting up on the counter top or when he was
putting you up on the counter top or putting you down from the counter
top?  Did he help you get down, too?

 

Answer: I don=t
know. 

 

TEX. CODE CRIM. PRO. ANN. art. 36.28 (Vernon 1981) states in part
that:

 

[I]f
the jury disagree as to the statement of any witness they may, upon applying to
the court, have read to them from the court reporter=s
notes that part of such witness testimony or the particular point in dispute,
and no other.

 








 Appellant argues that A.R.=s testimony on cross-examination was in
conflict with her testimony on direct examination and that the trial court
impermissibly bolstered the State=s
case by not reading the conflicting testimony to the jury.  The jury=s
note asked specifically for the portion of A.R.=s
testimony where she tells whether appellant took her inside of the stall first
or whether he put her on the sink first. 
The testimony on cross-examination requested by appellant does not
provide the sequence of whether A.R. was first taken into the stall or put on
the sink.  Appellant=s counsel asked A.R. if appellant touched
her with his finger after placing her on the sink, and A.R. responded: AYes.@  A.R.=s
testimony on cross-examination does not detail whether that happened before or
after appellant took her into the stall. 
Although the testimony is in conflict with A.R.=s
testimony on direct examination that appellant touched her with his finger in
the stall, that is not the conflict the jury sought to have resolved by
requesting A.R.=s
testimony.[2]
Article 36.28 instructs the trial court to read only the testimony concerning
the matter in dispute.  The trial court
did not abuse its discretion in denying appellant=s
request to read portions of A.R.=s
cross-examination to the jury in response to its request.  See Robison v. State, 888 S.W.2d 473
(Tex.Cr.App.1994), cert. den=d,
515 U.S. 1162 (1995).  Appellant=s first issue is overruled.  Because we find that the trial court did not
err in denying appellant=s
request, we need not address appellant=s
second issue on appeal that he was harmed by the denial.  TEX.R.APP.P. 47.1.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

July 15, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]The indictment contains three offenses in separate
counts:  Count 1 alleges aggravated
sexual assault, Count 2 alleges indecency with a child by touching, and Count 3
alleges indecency with a child by exposure. 
The State abandoned Count 3 at trial. The jury convicted appellant on
Count 1 and acquitted appellant on Count 2.





[2]On redirect examination, A.R. clarified that appellant
touched her with his finger in the stall and with his Apee pee@ on the sink.